UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| WAYNE L. WHEAT, : | |
| Plaintiff, : | |
| | Case No. 3:11-cv-309 |
| v. : | |
| | District Judge Walter H. Rice |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, : | Magistrate Judge Michael J. Newman |
| Defendants. : | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (DOC. 9)**

**I.   INTRODUCTION**

This case is before the Court on Plaintiff's motion to compel discovery, filed on May 23, 2012 (*i.e.*, prior to the June 26, 2012 discovery deadline in this case). Doc. 9. In his motion, Plaintiff not only requests an Order compelling Defendants to respond to requests for admission, interrogatories and document requests, but he also requests that the Court enter an Order deeming admitted the requests for admission that Defendants answered three days after the parties' mutually agreed-upon deadline.[1] *Id*. In addition, Plaintiff requests that the Court award him attorney's fees for his having to file the motion to compel. *Id*.

On May 30, 2012, the Court held a conference call, and, after hearing oral arguments and explanations from both parties, ordered Defendants to answer all of Plaintiff's outstanding

---

[1]Plaintiff acknowledges consenting to multiple continuances, *see* doc. 9, PageID 49-50, but nevertheless appears to argue that he did not actually agree to continuances. *See* doc. 16. In his reply brief, he states that "Plaintiff's counsel is in no position to grant continuances or an extension of time to respond" and his consent was "merely a good faith courtesy." *Id*. at PageID 584; *cf*. doc. 9. The Court finds Plaintiff's argument to be without merit, and is contra to Rules 29(b) and 36(a)(3) of the Federal Rules of Civil Procedure, which permit parties to stipulate to extensions of time such as those granted by Plaintiff here.

discovery requests by June 7, 2012. On June 6 and June 7, 2012, Defendants filed with the Court their written discovery responses. *See* docs. 11, 12.

During a follow-up conference call on June 8, 2012, Defendants represented to the Court that they had indeed fully complied with the Court's Order. During this same conference call, the Court granted Defendants until June 15, 2012 an opportunity to file a written response to Plaintiff's motion, and subsequently issued an Order allowing Defendants to file their produced documents under seal. Doc. 13. On June 15, 2012, Defendants filed their responsive memoranda, along with more than 400 pages of sealed documents and a CD, all of which the Court has reviewed *in camera*. Doc. 14.

Plaintiff's motion, having been fully briefed and argued by the parties during two conference calls, is now ripe for ruling.

## II. STANDARD

Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (B). A court must ordinarily award the movant's reasonable expenses incurred in filing the motion, including attorney's fees, if the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed…." Fed. R. Civ. P. 37(a)(5)(A). A court has wide discretion in determining an appropriate sanction under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642-43 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

## III. DISCUSSION

Plaintiff's motion raises two issues for the Court. First, the Court must decide whether it is necessary to issue an Order compelling Defendants to produce additional documents or written

2

responses beyond those already produced. Second, the Court must determine whether any sanctions are warranted under Fed. R. Civ. P. 37 given the need for Plaintiff's motion.

Regarding the first issue, Defendants argue that Plaintiff's motion to compel should be denied as moot because they have provided written responses and produced responsive documents to all of Plaintiff's discovery requests.[2] *See* doc. 14. Although Plaintiff originally served his written discovery requests on February 21, 2012, the record reflects that Plaintiff's counsel agreed to allow Defendants until May 21, 2012 to respond to Plaintiff's interrogatories, requests for production of documents, and requests for admissions.[3] Doc. 9, PageID 49-50; doc. 14, Exhibit A, PageID 132-33. Defendants do not dispute their failure to comply with this agreed-upon deadline. *Id*. Nevertheless, the record demonstrates that they filed their responses to Plaintiff's request for admissions on May 24, 2012 – the day after Plaintiff filed his motion to compel. Moreover, Defendants served their responses and objections to Plaintiff's interrogatories and requests for production of documents by June 7, 2012, as ordered by the Court. *See* doc. 11, PageID 94; doc. 12, PageID 115.

After reviewing the written responses, as well as the documents Defendants have filed under seal with the Court, the Court agrees with Defendants' contention that no further Orders to compel discovery responses are necessary. Moreover, the discovery deadline has passed.

Regarding the second issue – namely, whether sanctions are necessary – the Court disagrees with Defendants' contention that their failure to comply with the agreed-upon deadline

---

[2]The record reveals that Plaintiff's discovery requests, served on February 21, 2012, included thirty-three interrogatories, twenty-one related document requests, and thirty-four requests for admission. *See* docs. 11, 12.

[3]During the Court's two conference calls, counsel for both parties acknowledged that, at some point following the issuance of Plaintiff's discovery requests, they had discussed an issue as to whether Plaintiff had properly named the correct parties as defendants in this action. *See also* doc. 14, Ex. A, PageID 133.

of May 21, 2012 was supported by "good cause." *See* doc. 14. Defendants did not provide any responses by the parties' agreed-upon date of May 21, 2012, and failed to make any effort to contact Plaintiff's counsel to request additional time. The Court is not convinced that Defendants would have served their responses in such an expeditious fashion but for the filing of Plaintiff's motion to compel discovery and the Court's intervention. Accordingly, the Court finds that, under the express provisions of Rule 37, Plaintiff is entitled to his attorney's fees incurred on May 22-23, 2012 in bringing the motion to compel, and for fees incurred relating to the Court's conference calls on May 30 and June 8, 2012 – both of which were necessary because of the filing of Plaintiff's motion.

Although Plaintiff requests that this Court take a step further in sanctioning Defendants by issuing an order deeming all of the tardily-answered requests for admission admitted, the Court finds such an Order to be unwarranted.

Under Fed. R. Civ. P. 36(b), a request for admission which is not responded to within the applicable time period "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). The Sixth Circuit has opined that Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). A district court is vested with discretion "to permit a longer time for a written answer to a request for admissions and to accept 'the filing of an answer that would otherwise be untimely.'" *Id.* (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983)). As a result, "the failure to respond in a timely fashion **does not require the court automatically to deem all matters admitted**." *Id.* (emphasis added). A party seeking to amend or withdraw its responses

4

to a request for admission may do so even without a formal motion. *Kerry Steel*, 106 F.3d at 153-54. A withdrawal "may be imputed from a party's actions," such as the filing of a belated denial. *Petroff-Kline*, 557 F.3d at 293-94.

Pursuant to Rule 36(b), the district court may, in its discretion, permit withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Kerry Steel*, 106 F.3d at 154. With respect to the prejudice factor, "[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id*. (quoting *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Prejudice of this type "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id*.

Defendants' responses to Plaintiff's requests for admissions were served on May 24, 2012 – three days after the mutually agreed-upon due date of May 21, and one day after Plaintiff filed his motion to compel. Given that discovery in this case was still ongoing at that time, and also that discussions amongst the parties continue as to whether all of the necessary entities have been named as defendants in this matter, *see* fn. 3 *supra*, the Court finds that Plaintiff has suffered no prejudice by Defendants' responses being served three days after their mutually-agreed date. Moreover, the Court's review of Defendants' responses reveals that Defendants wholly admitted a number of Plaintiff's requests for admission, including Request Nos. 1, 2, 7, 13, 17, and 19, and admitted non-objectionable portions to a number of other requests. *See* doc. 11. Although tardy by three days, the Court will nevertheless permit Defendants' responses, and deems any response Defendants may have unknowingly admitted merely by their tardiness to be

withdrawn and amended by Defendants' responses served on May 24, 2012.[4] *See Petroff-Kline*, 557 F.3d at 293-95.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Compel Answers to Interrogatories Propounded, Production of Documents, and for an Order Deeming Admissions Admitted, doc. 9, is **GRANTED IN PART AND DENIED IN PART.**

To the extent Plaintiff's motion seeks an award of expenses, including attorney's fees, incurred in connection with the motion and the Court's conference calls, the motion is **GRANTED**. By July 10, 2012, Plaintiff shall submit to Defendants' counsel an itemized statement of expenses, including attorney's fees, incurred by him in connection with the grant of his motion and consistent with the findings of the Court herein. If there is a dispute concerning this issue, counsel for both sides shall contact the undersigned on or before July 16, 2012.

To the extent that the motion seeks an Order compelling Defendants to produce additional responses and documents, as well as an Order deeming all of Plaintiff's requests for admission admitted, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

July 3, 2012                          s/ **Michael J. Newman**
United States Magistrate Judge

---

[4]This conclusion is reinforced by the fact that Defendants retained new counsel during the period here in question.