UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| WAYNE L. WHEAT, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Case No. 3:11-cv-309 |
| v. | : | |
| | : | District Judge Walter H. Rice |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, | : | Magistrate Judge Michael J. Newman |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 28), AND CLARIFYING THE COURT'S AUGUST 24, 2012 ORDER**

This matter is before the Court upon Defendants' motion for reconsideration (doc. 28) of the Order issued by the Court on August 24, 2012 (doc. 27), Plaintiff's response (doc. 29), and Defendants' reply (doc. 30). Having considered Defendants' motion, the Court finds that although vacating the August 24th Order is unwarranted, clarification of the Order is necessary for the reasons stated herein.

**I.**

Defendants filed their motion for summary judgment on July 26, 2012. Doc. 24. Pursuant to the Local Rules, Plaintiff had until August 20, 2012 to file a response in opposition. *See* S. D. Ohio Civ. R. 7.2(a)(2).

On August 7, 2012, Plaintiff filed a motion captioned as a "MOTION FOR AN EXTENSION OF TIME TO RESPONDE (*sic*) TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO STAY RESPONDING TO DEFENDANTS' MOTION UNTIL JUDGE RICE RULES ON PLAINTIFF'S OBJECTIONS FILED JULY 5, 2012 AND JULY 16, 2012, RESPECTIVELY." Doc. 26

(capitalization in original). Plaintiff's motion cited "Rule 56(F)," but not Fed. R. Civ. P. 56(d). *Id*. Moreover, the relief sought by Plaintiff's motion did not include any requests to conduct additional discovery, nor did not allege that he "cannot present facts essential to justify [his] opposition" because "facts are unavailable" to him. *See* Fed. R. Civ. P. 56(d). Similarly, Plaintiff's motion did not identify what material facts he hoped to uncover if granted a Rule 56(d) continuance, or any explanation as to why he had not previously discovered the information. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rather, the only relief sought by Plaintiff's motion was as follows: "Wherefore, Mr. Wheat moves this Court to issue an Order for him to respond to Defendants' Motion for Summary Judgment 45 days after Judge Rice rules on Plaintiff's objection or, in the alternative, stay the proceedings until Judge Rice so rules." *Id*. at PageID 761.

Based upon the relief sought by Plaintiff's motion, the Court did not treat Plaintiff's request for an extension of time as a Rule 56(d) motion, but instead as a matter regarding the calendar given the looming due date for his response in opposition. To the extent Plaintiff's motion plausibly made an argument pursuant to Rule 56(d), the Court did not find such an argument meritorious. *See Cacevic*, 226 F.3d at 488. As such, Plaintiff's motion was only granted in part. As the Court noted in its July 12, 2012 Order (doc. 20) -- which is the basis of Plaintiff's pending July 16, 2012 objection (doc. 21) -- discovery in this case is closed, and as the case presently stands, no further discovery is permitted.

Nevertheless, in issuing its August 24, 2012 Order, the Court agreed with Plaintiff's contention that resolution of his outstanding objections is necessary before his response to the summary judgment motion should be due. That Order states: "Having reviewed Plaintiff's motion, the Court concludes that adjudication of Plaintiff's pending objections (docs. 19, 21) is

necessary before he can file a response to Defendants' summary judgment motion." Doc. 27. Considering the breadth of Plaintiff's objections, the Court's holding -- that adjudication of those objections is necessary before Plaintiff should be required to respond to Defendants' summary judgment motion -- remains the same.

**II.**

Based upon the foregoing, Defendants' motion for reconsideration (doc. 28) is **DENIED**. Additionally, the Court clarifies its August 24, 2012 Order (doc. 27) as follows:

1) The cut-off date for Plaintiff to respond to Defendants' motion for summary judgment is **STAYED** until Judge Rice rules on Plaintiff's objections (docs. 19, 21);

2) Starting the day after Judge Rice rules on Plaintiff's objections, Plaintiff shall have 24 days to respond to Defendants' motion for summary judgment; and

3) The time in which Defendants may file their summary judgment reply brief, if they so choose to file one, will be calculated from the day Plaintiff files his response in opposition, and in accordance with the time permitted by the Court's Local Rules.

**IT IS SO ORDERED.**

September 6, 2012                                                                     **s/ Michael J. Newman**
United States Magistrate Judge