IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE L. WHEAT, :
    Plaintiff, :
v. : Case No. 3:11-cv-309
CHASE BANK, JP MORGAN CHASE : JUDGE WALTER H. RICE
BANK, N.A. et al.,
    Defendants. :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S LEAVE TO AMEND COMPLAINT (DOC. #41), OVERRULING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #24), AND OVERRULING AS MOOT VARIOUS MOTIONS OF PLAINTIFF (DOC. #21 & DOC. #34); PLAINTIFF IS GRANTED LEAVE TO FILE AN AMENDED COMPLAINT WITHIN TEN (10) DAYS OF THE DATE OF THIS DECISION AND ENTRY; TELEPHONE CONFERENCE SET

---

Plaintiff Wayne L. Wheat filed suit against Defendants Chase Bank, JP Morgan Chase Bank, N.A. ("Chase"), Chase's employee Matthew Cox, and various unnamed Chase officers and employees (collectively, "Defendants"), after the bank had closed Wheat's accounts. In his complaint, Wheat alleges that Chase's actions violated the nondiscrimination provisions of 28 U.S.C. § 1981 and constituted a manipulative or deceptive practice in connection with a securities transaction under 15 U.S.C. § 78j(b). Wheat also alleges state common law claims against Chase for breach of contract, conversion, and emotional distress. Pursuant to 28 U.S.C. § 1331, the Court has federal question jurisdiction over

Wheat's statutory claims. The Court has supplemental jurisdiction over Wheat's state law claims pursuant to 28 U.S.C. § 1367.

Defendants filed a Motion for Summary Judgment on July 26, 2012. Doc. #24. With respect to Wheat's Second and Fourth Causes of Action (for securities violation under 15 U.S.C. § 78j(b) and conversion of investment funds under Ohio common law, respectively), Defendants argue that Wheat failed to sue the proper party because he did not name Chase Investment Services Corporation ("CISC"), the securities broker-dealer who administered the investment account, as a defendant. *Id.* at 12. Wheat filed his Response to Defendants' Motion for Summary Judgment on November 28, 2012. Doc. #41. Therein, Wheat moves this Court for leave to amend his complaint to name CISC as a defendant. *Id.* at 31.

For the reasons set forth below, in accordance with Rule 15(a)(2), the Court will SUSTAIN Wheat's motion to amend his complaint. Plaintiff must file his Amended Complaint within ten (10) days of the date of this Decision and Entry. In addition, the Court will OVERRULE without prejudice Defendants' Motion for

Summary Judgment. Defendants may renew their Motion for Summary Judgment, subsequent to the filing of Plaintiff's Amended Complaint.[1]

## I.  Factual & Procedural Background

Plaintiff Wayne L. Wheat is an African-American businessman in Dayton, Ohio. Compl. ¶ 2 (Doc. #1 at 1). Joey Williams, the President of Chase Bank in Dayton, is an acquaintance of Wheat, and is also an African-American. Williams Decl. ¶¶ 1-2, 6 (Doc. #24-1 at 1-2). Williams referred Wheat to Chase in April of 2011, at which time Wheat closed his accounts at another bank and deposited approximately $450,000 at Chase. *Id.*; Doc. #1 at 2. Williams himself did not process the opening of Wheat's accounts, but, after meeting with Wheat, personally escorted him to an area of the bank where other Chase employees assisted Wheat. Doc. #1 at 2; Doc. #4 at 2. Wheat opened a "Chase Plus Savings" account and a "Chase Premier Platinum Checking" account. Gross Decl. ¶ 3, Ex. 1-2 (Doc. #24-2 at 1, 3-4).

Chase Investment Services Corporation ("CISC") is a securities broker-dealer. Cox Decl. ¶ 2 (Doc. #24-3). CISC is a Chase affiliate and a member of the

---

[1] In addition, the Court OVERRULES AS MOOT two motions pending before it filed by Plaintiff (Doc. #21 & Doc. #34). Plaintiff's Final Objection and Motion to Review the Order of the United States Magistrate Judge Denying Plaintiff's Motion for an Extension of Time to File a Motion to Compel Discovery (Doc. #21) is moot, because discovery has concluded. Plaintiff's Emergency Motion to Strike or Ignore Defendants' Reply Memorandum (Doc. #34) is moot, because Plaintiff subsequently filed a Response to Defendants' Motion for Summary Judgment (Doc. #41).

3

"family of companies" with which Chase shares customer information. Doc. #24-2 at at 41. On or about April 26, 2011, Wheat was contacted by John Lumpkin about opening an investment account at CISC with a portion of the funds Wheat had used to open his accounts at Chase. Doc. #1 at 2; Doc. #24-3 at 1. Thereafter, $150,000 of the original $450,000 deposited into Wheat's Chase accounts was used to fund Wheat's CISC investment account. Doc. #4 at 2. Lumpkin, an African-American, was the "responsible person" on Wheat's CISC investment account, and remained its "advisor" the entire time the account was open. *Id.*; Doc. #24-3 at 1.

New accountholders are subject to "identification and due diligence" by compliance officers at Chase and CISC. Massa Decl. ¶ 2 (Doc. #24-6). According to Yryjo "George" Massa, a Vice President and Compliance Manager at Chase, a "clearing firm" conducts an automated search on new and existing accountholders, using both the Internet and unnamed databases. Doc. #24-6 at 1. Based on the results of the search, "certain types of client relationship or transactional histories" may present a risk such that the compliance officers recommend terminating the relationship with the accountholder. *Id.*

A search was performed on Wheat that uncovered press reports of convictions for money laundering and drug conspiracy. *Id.* at 2. An automatic hold was placed on Wheat's CISC account that restricted its activity to outgoing cash transfers or liquidation. *Id.* at 2. Because of "the negative media associated

4

with Mr. Wheat and the reputational risk to Chase," Massa recommended that Chase and CISC close all of Wheat's accounts. *Id.*

On July 20, 2011, Chase sent Wheat a letter, stating that his accounts would be "terminated and closed" on August 17, 2011. Compl. Ex. A (Doc. #1-1). The letter, signed by "Chase Operating Loss Prevention," gave no reason for the termination of Wheat's accounts. After receiving the letter, Wheat contacted Williams and Lumpkin, neither of whom knew why Chase was closing Wheat's accounts. *Id.* at 3; Doc. #4 at 2. Wheat went to Chase's branch in downtown Dayton, Ohio, to close his accounts and withdraw all funds, but Chase did not allow Wheat to withdraw the $150,000 in the investment account. *Id.*

Defendant Matthew Cox is the Vice President of Investments at CISC in Dayton. Cox Decl. ¶ 1 (Doc. #24-3 at 1). Cox was Lumpkin's supervisor. Doc. #24-3 at 1. According to Cox, he explained to Wheat that CISC was unable to return the $150,000 in Wheat's investment account at that time because it was "following a process to reverse purchases and trades made in the account" in order to avoid a "taxable event." *Id.* at 2. That conversation occurred on August 12, 2011. On August 30, 2011, CISC issued Wheat a check for $150,000, the amount of the initial deposit into the investment account. *Id.*

The same day, Wheat filed suit against Chase, Cox, and various unknown officers and employees of Chase, but did not name CISC as a party. Doc. #1. Wheat's Complaint contains five counts. First, Wheat alleges that the closing of his accounts and the failure to return the $150,000 in the investment account

5

constituted a violation of 28 U.S.C. § 1981, because Wheat "was treated dissimilarly to non-African-Americans in the ability to make and enforce a contract at Chase Bank." *Id*. at 1. Second, Wheat alleges that the account closure and failure to return his funds violated 15 U.S.C. § 78j(b), because deceptive and manipulative practices were used to acquire and maintain the investment account. Count three of Wheat's complaint alleges that the account closures and the failure to return the investment deposit constituted breach of contract. Wheat's fourth count alleges that the failure to return the investment deposit constituted conversion, and his fifth count alleges "embarrassment, emotional distress, and substantial financial loss" resulting from Defendants' actions.

Defendants filed a Motion for Summary Judgment on July 26, 2012. Doc. #24. Wheat filed his Response to Defendants' Motion for Summary Judgment on November 28, 2012, and seeks leave to amend his Complaint to include CISC as a defendant. Doc. #41. Defendants' Reply Memorandum in Support of their Motion for Summary Judgment was filed on December 5, 2012. Doc. #43.

## II.  Analysis

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course," but only within 21 days after service of a responsive pleading. After that time has lapsed, a party may only amend a pleading with either "the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(c)(2). A court may deny a party leave to amend "when it would result in undue

6

delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility and bad faith may also provide reason to deny a motion for leave to amend. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Plaintiff argues that he should be granted leave to amend his Complaint to add CISC as a defendant because, based on representations by Chase, he was only aware that Chase had closed his account. Doc. #41 at 30. He suggests that no prejudice to Chase would result from amending the Complaint to add CISC as a defendant. *Id.* at 31. Defendants, however, do not consent to amendment, arguing that Plaintiff was provided notice of the need to join CISC as a party on multiple occasions. Doc. #43 at 2. Defendants point to the Rule 26(a)(1) and discovery disclosures mentioning CISC; a discussion between counsel in May of 2012; and Magistrate Judge Newman's "reminder" to Plaintiff in late May or early June, during a telephone conference, "of the joinder issue." *Id.* at 3.

The Court agrees with Defendants that Plaintiff's delay in moving for leave to amend is unacceptable. The delay is undue and demonstrates a "repeated failure to cure deficiencies in the complaint." *Phelps*, 30 F.3d at 662. Nevertheless, Defendants do not point to any prejudice that would result from the amendment of Plaintiff's complaint. Doc. #43 at 2-3, 19. If granting leave to amend would "require the opponent to expend significant additional resources to

7

conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute," a showing of prejudice might be made. *Phelps*, 30 F.3d at 662-63. Defendants have not described any such effect resulting from amendment.

The Court notes that Defendants' existing Memorandum of Law, as drafted, already addresses the merits of the claims that they believe should have been brought against CISC. After Plaintiff files his Amended Complaint, Defendants may renew their Motion for Summary Judgment. Furthermore, discovery has concluded and will not recommence. Certainly, Defendants will not be surprised by the amendment containing claims against CISC. Thus, no significant additional resources need be expended. These factors argue against a finding of prejudice to Defendants that would result from granting Plaintiff's leave to amend.

Finally, the Court believes that allowing Plaintiff the opportunity to amend his Complaint will serve the justice required by Rule 15. The naming of CISC as a defendant affects the scope of Plaintiff's claims, Defendants' response to those claims, and the reasoning the Court must employ to rule on Defendants' Motion for Summary Judgment. This will allow the Court to make an eventual decision based on the merits of Plaintiff's claims, rather than upon procedural technicalities occasioned by the delay of his counsel, thereby achieving a result that conforms to the "spirit" of the Federal Rules of Civil Procedure. *Foman*, 371 U.S. at 182.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend is SUSTAINED. Plaintiff may file an Amended Complaint no more than ten (10) days from the date of this Decision and Entry. The Court OVERRULES WITHOUT PREJUDICE Defendants' Motion for Summary Judgment. Defendants are granted leave to renew their Motion for Summary Judgment subsequent to the filing of Plaintiff's Amended Complaint.

Counsel of record will note that a telephone conference call will be convened by the Court at 3:15 p.m. on Thursday, March 7, 2013, for the purposes of scheduling a new trial date and other dates leading to the resolution of this litigation, should those dates ultimately be needed.

Date: February 22, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

9